**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

ABAGAIL MARIE BAUGHMAN,

     Plaintiff,

-vs-

CASE NO.

EQUIFAX INFORMATION
SERVICES LLC, EXPERIAN
INFORMATION SOLUTIONS, INC.,
TRANS UNION LLC, and ALLY
FINANCIAL INC.,

     Defendants.

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, ABAGAIL MARIE BAUGHMAN (hereinafter "Plaintiff"), by and through her undersigned counsel, for her cause of action against Defendants, EQUIFAX INFORMATION SERVICES LLC (hereinafter "Equifax"), EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "Experian"), TRANS UNION LLC (hereinafter "Trans Union"), and ALLY FINANCIAL INC. (hereinafter "Ally") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*

1

## PRELIMINARY STATEMENT

1.     This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.     Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3.     Consumer reporting agencies that create consumer reports, like the CRAs, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.     When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.     The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in

accuracy". Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION AND VENUE

6.      Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

7.      Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8.      Venue is proper in this District as Plaintiff is a natural person and resident of Seminole County, Florida; Defendants transact business within this District; and violations described in this Complaint occurred in this District.

9.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10.     Equifax is a corporation with its principal place of business in the State of Georgia and is authorized to do business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

11.     Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

12.     Equifax disburses such consumer reports to third parties under contract for monetary compensation.

13.     Experian is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Florida through its registered agent, C T Corporation System, located at 1200 South Pine Island Road, Plantation, Florida 33324.

14.     Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Experian is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

15.     Experian disburses such consumer reports to third parties under contract for monetary compensation.

16.     Trans Union is a corporation with its principal place of business in the State of Illinois and is authorized to do business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

17.     Trans Union is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Trans Union is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

18.     Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

19.     Ally is a corporation with its principal place of business in the State of Michigan and is authorized to do business in the State of Florida through its registered agent, C T Corporation System, located at 1200 South Pine Island Road, Plantation, Florida 33324.

20.     Ally is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

21.     Ally furnished information about Plaintiff to the CRAs that was inaccurate.

## FACTUAL ALLEGATIONS

22.     Plaintiff had an account with Ally, partial account number ending x5785 (hereinafter "Ally Account"), as to an auto loan.

23.     Plaintiff made timely payments throughout the life of the loan.

24.     In or about July 2017, the vehicle secured by the Ally Account was declared a total loss following an automobile accident. Accordingly, a payoff was issued by Plaintiff's auto insurance, and a GAP payment was issued by Total Warranty Services on or about August 31, 2017, leaving a zero balance.

25.     In or about May 2022, Plaintiff was reviewing her credit file and observed the Ally Account was reporting a balance of $39.

26.     Shortly thereafter, Plaintiff contacted the CRAs and disputed the Ally Account stating it should have a zero balance.

27.     Following Plaintiff's dispute, the Ally Account was updated to reflect a zero balance by the CRAs.

28.     In or about April 2024, Plaintiff applied for a mortgage loan to purchase a home, and following a review of her credit file, the mortgage broker observed the Ally Account was reported negatively with a status of past due and a previous dispute comment which resulted in Plaintiff receiving a mortgage approval with a high interest rate.

29.     Shortly thereafter, Plaintiff and her mortgage broker, Rebekah Waldrep, contacted Ally and spoke with a representative who advised a late fee was added to the Ally Account after receiving the GAP payment when the account had a zero balance.

30.     On or about April 19, 2024, Plaintiff's mortgage broker submitted a dispute to the CRAs regarding the dispute comment listed with the Ally Account and stated it should be removed.

31.     On or about April 22, 2024, Plaintiff received a response from Equifax which stated the dispute was closed but did not receive dispute results.

32.     Equifax failed to do any independent investigation into Plaintiff's disputes, and never attempted to contact Plaintiff during the alleged investigation.

33.     On or about April 22, 2024, Plaintiff received dispute results from Experian which stated the Ally Account was updated. However, upon review of her Experian credit report on or about April 26, 2024, Plaintiff observed the Ally Account continued to be reported as past due from October 2017 through February 2018 and with a comment which stated, "Completed investigation of FCRA dispute – consumer disagrees".

34.     Experian failed to do any independent investigation into Plaintiff's disputes, and never attempted to contact Plaintiff during the alleged investigation.

35.     Plaintiff did not receive dispute results from Trans Union. However, upon review of her updated Trans Union credit report on April 30, 2024, Plaintiff observed the Ally Account was no longer reported with a dispute comment. However, the Ally Account continued to be reported as past due from October 2017 through February 2018.

36.     Due to the inaccurate reporting, on or about May 3, 2024, Plaintiff mailed detailed dispute letters to Equifax and Trans Union and submitted a detailed dispute letter online to Experian. In the letter, Plaintiff requested a copy of her credit report. Further, Plaintiff explained she made timely payments to the Ally Account and should not be reporting past due payments. To confirm her identity, copies of her driver's license, Social Security card, and current lease were included in the

letter. Further, Plaintiff provided images of the erroneous reporting, images of her proofs of timely payment, and other supporting documents.

37.     Plaintiff mailed her detailed dispute letter via USPS Certified Mail to Equifax (9507 1066 2116 4124 8628 01) and Trans Union (9507 1066 2116 4124 8628 25).

38.     On or about May 22, 2024, Plaintiff received dispute results from Experian which stated the Ally Account was verified and updated. Plaintiff also received a copy of her credit report from Experian and observed an erroneous date of birth of 1971. Further, Plaintiff observed the Ally Account was reported with an erroneous status of "paid in settlement". Further, on or about June 5, 2024, Plaintiff reviewed her updated Experian credit report and observed the Ally Account was reported as past due from October 2017 through February 2018.

39.     Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

40.     Experian never attempted to contact Plaintiff during the alleged investigation.

41.     Upon information and belief, Experian notified Ally of Plaintiff's dispute. However, Ally failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

42.     On or about May 30, 2024, Plaintiff received dispute results from Equifax which stated the Ally Account was verified to be reported accurately and updated. However, the Ally Account continued to be inaccurately reported with a status of "Paid, closed. Was 30-59 days past due". Further, the Ally Account was reported with a comment which stated, "consumer disputes after resolution".

43.     Equifax failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

44.     Equifax never attempted to contact Plaintiff during the alleged investigation.

45.     Upon information and belief, Equifax notified Ally of Plaintiff's dispute. However, Ally failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

46.     On or about June 5, 2024, Plaintiff received dispute results from Trans Union which stated the Ally Account was verified and updated. However, the Ally Account was now reported as past due from October 2018 through February 2019. Further, the Ally Account was reported with comments which stated, "disp invg comp-consum disagrs" and "settled-less than full blnc".

47.     Trans Union failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

48.     Trans Union never attempted to contact Plaintiff during the alleged investigation.

49.     Upon information and belief, Trans Union notified Ally of Plaintiff's dispute. However, Ally failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

50.     On or about June 6, 2024, Plaintiff reported the inaccurate reporting to the Consumer Financial Protection Bureau ("CFPB"), File ID 240606-14747305.

51.     In the CFPB report, Plaintiff detailed the fact that the Ally Account was reported to her credit reports with an erroneous pay status. She requested an investigation into the inaccurate reporting.

52.     Under 15 U.S.C. § 1681e(3) of the FCRA, credit reporting agencies, such as the CRAs, are required to review certain consumer complaints about inaccurate information that are originally sent to the CFPB.

53.     Upon information and belief, the CRAs failed to review the CFPB complaint that Plaintiff filed and continued to inaccurately report the Ally Account on her credit report.

54.     Due to the continued inaccurate reporting, on or about June 10, 2024, Plaintiff submitted online detailed dispute letters to the CRAs. In the letter, Plaintiff again requested a copy of her credit report. Further, Plaintiff explained she made

timely payments to the Ally Account, should not be reporting any past due payments. To confirm her identity, copies of her driver's license, Social Security card, and current lease were included in the letter. Further, Plaintiff provided images of the erroneous reporting, images of her proofs of timely payment, images of her filed CFPB complaint, and other supporting documents.

55.    On or about June 28, 2024, Plaintiff received dispute results and a copy of her credit report from Experian. Upon review, Plaintiff observed the Ally Account was no longer reported with late payments. However, it was reported with an erroneous status of "paid in settlement" and with comments which stated, "completed investigation of FCRA dispute – consumer disagrees" and "account paid in full for less than full balance".

56.    However, on or about June 30, 2024, Plaintiff received additional dispute results from Experian which stated the dispute was processed and that the Ally Account was either updated or deleted and advised Plaintiff to review her credit report.

57.    As such on or about July 11, 2024, Plaintiff reviewed her Experian credit report and observed a slight increase in her credit score, but the Ally Account continued to be reported with a status of "Paid in Settlement". However, on or about July 18, 2024, Plaintiff again reviewed her Experian credit report and observed another increase in her credit score, and the Ally Account had been removed.

58.     On or about July 1, 2024, Plaintiff received dispute results and a copy of her credit report from Equifax. Upon review, Plaintiff observed the Ally Account was now reported with a status of paid but with comments which stated, "consumer disputes after resolution". Although the Ally Account was reported with all timely payments, it was now reported with a comment which erroneously stated "account paid for less than full balance".

59.     Equifax failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

60.     Equifax never attempted to contact Plaintiff during the alleged investigation.

61.     Upon information and belief, Equifax notified Ally of Plaintiff's dispute. However, Ally failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

62.     On or about July 6, 2024, Plaintiff received dispute results from Trans Union which stated the Ally Account was verified and updated. However, the Ally Account continued to be inaccurately reported as past due from October 2017 through February 2018.

63.     Trans Union failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

64.    Trans Union never attempted to contact Plaintiff during the alleged investigation.

65.    Upon information and belief, Trans Union notified Ally of Plaintiff's dispute. However, Ally failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

66.    Due to the continued inaccurate reporting, on or about July 8, 2024, Plaintiff submitted online a third detailed dispute letter to Trans Union. In the letter, Plaintiff again requested a copy of her credit report. Further, Plaintiff explained she made timely payments to the Ally Account and that it should not be reported with any late payments. To confirm her identity, copies of her driver's license, Social Security card, and current lease were included in the letter. Further, Plaintiff provided images of the erroneous reporting, images of her proofs of timely payment, images of her filed CFPB complaint, and other supporting documents.

67.    On or about July 11, 2024, Plaintiff received dispute results from Trans Union which stated the Ally Account was deleted from her credit file.

68.    On or about July 18, 2024, Plaintiff obtained a copy of her Equifax credit report and observed the Ally Account was no longer reported to her credit file.

69.    As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

i.  Monies lost by attempting to fix her credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

ii.  Loss of time attempting to cure the errors;

iii.  Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendants' actions;

iv.  Reduction in credit score;

v.  Loss of the ability to benefit from lower interest rates;

vi.  Apprehensiveness to apply for new credit due to the fear of rejection; and

vii.  Defamation as Defendants published inaccurate information to third party entities.

## CAUSES OF ACTION

### COUNT I
**Violation of 15 U.S.C. § 1681e(b) as to
Defendant, Equifax Information Services LLC (Negligent)**

70.  Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-nine (69) above as if fully stated herein.

71.  Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the

preparation of the credit report and credit files it published and maintains concerning Plaintiff.

72.     Equifax allowed for a furnisher to report inaccurate account information to Plaintiff's credit file.

73.     Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

74.     Equifax selects to just parrot the information provided by the furnisher and to avoid conducting re-investigations.

75.     Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

76.     As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

77.     The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

78.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, ABAGAIL MARIE BAUGHMAN, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

**COUNT II**
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Equifax Information Services LLC (Willful)**

79.    Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-nine (69) above as if fully stated herein.

80.    Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

81.    Equifax allowed for a furnisher to report inaccurate account information to Plaintiff's credit file.

82.     Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

83.     Equifax selects to just parrot the information provided by the furnisher and to avoid conducting re-investigations.

84.     Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

85.     As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

86.     The conduct, action and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

87.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, ABAGAIL MARIE BAUGHMAN, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff

her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT III
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Negligent)

88.    Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-nine (69) above as if fully stated herein.

89.    After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

90.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

91.    Plaintiff provided Equifax with the information it needed to confirm that the Ally tradeline should be reported as timely paid. Equifax ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

92.    As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

93.    The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

94.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, ABAGAIL MARIE BAUGHMAN, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from

further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT IV
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Willful)

95.     Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-nine (69) above as if fully stated herein.

96.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

97.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

98.     Plaintiff provided Equifax with the information it needed to confirm that the Ally tradeline should be reported as timely paid. Equifax ignored this

information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

99.     As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

100.    The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

101.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, ABAGAIL MARIE BAUGHMAN, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT V
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

102.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-nine (69) above as if fully stated herein.

103.   Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

104.   Experian allowed for a furnisher to report inaccurate account information to Plaintiff's credit file.

105.   Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

106.   Experian selects to just parrot the information provided by the furnisher and to avoid conducting re-investigations.

107.   Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

108.   As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; and mental

and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

109.   The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

110.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, ABAGAIL MARIE BAUGHMAN, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT VI
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Willful)

111.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-nine (69) above as if fully stated herein.

112.   Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the

preparation of the credit report and credit files it published and maintains concerning Plaintiff.

113.   Experian allowed for a furnisher to report inaccurate account information to Plaintiff's credit file.

114.   Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

115.   Experian selects to just parrot the information provided by the furnisher and to avoid conducting re-investigations.

116.   Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

117.   As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

118.   The conduct, action and/or inaction of Experian was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

119.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, ABAGAIL MARIE BAUGHMAN, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT VII
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

120.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-nine (69) above as if fully stated herein.

121.   After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

122.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

123.   Plaintiff provided Experian with the information it needed to confirm that the Ally tradeline should be reported as timely paid. Experian ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

124.   As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

125.   The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

126.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, ABAGAIL MARIE BAUGHMAN, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT VIII
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Willful)

127.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-nine (69) above as if fully stated herein.

128.   After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

129.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct

independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

130.    Plaintiff provided Experian with the information it needed to confirm that the Ally tradeline should be reported as timely paid. Experian ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

131.    As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

132.    The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

133.    Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, ABAGAIL MARIE BAUGHMAN, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award

Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT IX
### Violation of 15 U.S.C. § 1681e(b) as to Defendant, Trans Union LLC (Negligent)

134.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-nine (69) above as if fully stated herein.

135.   Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

136.   Trans Union allowed for a furnisher to report inaccurate account information to Plaintiff's credit file.

137.   Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

138.   Trans Union selects to just parrot the information provided by the furnisher and to avoid conducting re-investigations.

139.   Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

140.   As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

141.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

142.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, ABAGAIL MARIE BAUGHMAN, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT X
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Willful)

143.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-nine (69) above as if fully stated herein.

144.   Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

145.   Trans Union allowed for a furnisher to report inaccurate account information to Plaintiff's credit file.

146.   Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

147.   Trans Union selects to just parrot the information provided by the furnisher and to avoid conducting re-investigations.

148.   Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

149.   As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

150. The conduct, action and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

151. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, ABAGAIL MARIE BAUGHMAN, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XI
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Trans Union LLC (Negligent)

152. Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-nine (69) above as if fully stated herein.

153. After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit

file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

154.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

155.   Plaintiff provided Trans Union with the information it needed to confirm that the Ally tradeline should be reported as timely paid. Trans Union ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

156.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

157.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

158.  Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, ABAGAIL MARIE BAUGHMAN, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT XII
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Trans Union LLC (Willful)

159.  Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-nine (69) above as if fully stated herein.

160.  After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

161.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

162.    Plaintiff provided Trans Union with the information it needed to confirm that the Ally tradeline should be reported as timely paid. Trans Union ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

163.    As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; reduction in credit score; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

164.    The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

165.    Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, ABAGAIL MARIE BAUGHMAN, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT XIII
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, Ally Financial Inc. (Negligent)

166.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-nine (69) above as if fully stated herein.

167.   Ally furnished inaccurate account information to the CRAs and through those CRAs to all of Plaintiff's potential lenders.

168.   After receiving Plaintiff's disputes, Ally violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

169.   Plaintiff provided all the relevant information and documents necessary for Ally to have identified that the account status was inaccurate.

170.  Ally knowingly chose to follow procedures which did not review, confirm, or verify the account status was accurate.

171.  Ally violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

172.  As a direct result of this conduct, action, and/or inaction of Ally, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

173.  The conduct, action, and inaction of Ally was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

174.  Plaintiff is entitled to recover costs and attorney's fees from Ally in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, ABAGAIL MARIE BAUGHMAN, respectfully requests that this Court award actual damages against Defendant, ALLY FINANCIAL INC., jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder

from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

**COUNT XIV**
**Violation of 15 U.S.C. § 1681 s-2(b) as to**
**Defendant, Ally Financial Inc. (Willful)**

175.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-nine (69) above as if fully stated herein.

176.   Ally furnished inaccurate account information to the CRAs and through those CRAs to all of Plaintiff's potential lenders.

177.   After receiving Plaintiff's disputes, Ally violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

178.   Plaintiff provided all the relevant information and documents necessary for Ally to have identified that the account status was inaccurate.

179.   Ally knowingly chose to follow procedures which did not review, confirm, or verify the account status was accurate.

180.   Ally violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

181.   As a direct result of this conduct, action, and/or inaction of Ally, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

182.   The conduct, action, and inaction of Ally was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

183.   Plaintiff is entitled to recover costs and attorney's fees from Ally in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, ABAGAIL MARIE BAUGHMAN, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, ALLY FINANCIAL INC., jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

**JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, ABAGAIL MARIE BAUGHMAN, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC, and ALLY FINANCIAL INC., jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 19th day of July 2024.

Respectfully submitted,

*/s/ Frank H. Kerney, III, Esq.*
Frank H. Kerney, III, Esq.
Florida Bar No.: 88672
Tennessee Bar No.: 035859
The Consumer Lawyers PLLC
501 E. Kennedy Blvd, Ste 610
Tampa, Florida 33602
Telephone: 844.855.9000
Facsimile: 844.951.3933
Frank@TheConsumerLawyers.com

*/s/ Octavio Gomez, Esq.*
Octavio Gomez, Esq.
Florida Bar No.: 0338620

Georgia Bar No.: 617963
Pennsylvania Bar No.: 325066
The Consumer Lawyers PLLC
501 E. Kennedy Blvd, Ste 610
Tampa, Florida 33602
Telephone: 813.299.8537
Facsimile: 844.951.3933
Tav@TheConsumerLawyers.com
*Attorney for Plaintiff*